IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REGINALD BRYANT,

      Petitioner,

v.                               CASE NO. 1:15-cv-158-WTH-GRJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## REPORT & RECOMMENDATION

Petitioner initiated this case by filing a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  Respondent

filed a response, ECF No. 10, along with relevant portions of the state-

court record. (ECF No. 10-1–10-4.) Upon due consideration of the petition,

response, and state-court record, the undersigned recommends that the

petition be denied.[1]

### Summary of State-Court Proceedings

On September 20, 2010, Petitioner was charged by information with

possession of cocaine and tampering with physical evidence. (ECF No. 10-

1 at 26.) Petitioner then pleaded nolo contendere on January 26, 2012, to

---

[1] Because the Court may resolve the petition on the basis of the record, the
Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

possession of cocaine and felony battery, and he was sentenced to twelve months of probation on each charge, to run concurrently. (*Id.* at 77–97.)

While on probation Petitioner was arrested during a traffic stop in Lake County, Florida on charges of possession of a controlled substance and trafficking in a controlled substance. (*Id.* at 99–102.)  An amended affidavit of violation of probation was filed on May 8, 2012, alleging that Petitioner violated Condition Five, failure to refrain from violating the law; Condition Three, leaving his county of residence without consent of the probation officer; and Condition Six, association with persons engaged in criminal activity. (*Id.* at 109-10.)  The circuit court revoked Petitioner's probation on March 27, 2013, and he received two consecutive sentences of five years in prison. (*Id.* at 154-59.)

On July 22, 2013, Petitioner filed a Motion to Correct Sentencing Error Pursuant to Rule 3.800(b)(2), Florida Rules of Criminal Procedure. (ECF No. 10-2 at 201–05.) The circuit court granted in part and denied in part this motion on July 25, 2013, amending the credit for time served. (*Id.* at 224–26.)

Petitioner then appealed his revocation of probation to the First District Court of Appeal ("First DCA"). (*Id.* at 272–86.)  Petitioner argued that the evidence presented at the hearing was "insufficient to prove a

willful and substantial violation of probation." (*Id.*) The First DCA *per curiam* affirmed without written opinion on February 24, 2014, and the mandate followed on March 24, 2014. (*Id.* at 318, 320.) Petitioner then filed a *pro se* motion for rehearing, which the First DCA denied on April 25, 2014. (*Id.* at 322–25; ECF No. 10-3 at 18.)

On April 17, 2014, Petitioner filed a *pro se* motion to the circuit court for modification of sentence under Rule 3.800(c) of the Florida Rules of Criminal Procedure. (ECF No. 10-3 at 20–26.) The circuit court denied Petitioner's motion on April 24, 2014. (*Id.* at 33–34.)

Petitioner then filed a *pro se* motion to correct illegal sentence under Rule 3.800(a) on January 7, 2015. (*Id*. at 38–40.)  The circuit court denied this motion on January 13, 2015. (*Id.* at 69–71.) Petitioner appealed, and on April 29, 2015, the First DCA *per curiam* affirmed without written opinion. (*Id.* at 118.) The mandate followed on May 27, 2015. (*Id.* at 120.)

Then on June 22, 2015, Petitioner filed a *pro se* petition for a writ of habeas corpus to the First DCA, alleging ineffective assistance of appellate counsel. (*Id.* at 122–29.) Petitioner argued that the First DCA's panel lacked jurisdiction to enter a *per curiam* affirmance and deprived him of his rights, and that because his appellate counsel failed to raise these arguments, his appellate counsel was ineffective. (*Id.*) The First DCA

denied the petition on the merits without written opinion on July 9, 2015. (*Id.* at 132.) The First DCA then denied Petitioner's motion for clarification and written opinion on August 21, 2015. (*Id.* at 134–37, 139.)

Also on June 22, 2015, Petitioner filed a *pro se* motion to correct sentence under Rule 3.800(a). (*Id.* at 231–34.) The circuit court denied Petitioner's motion on July 1, 2015. (*Id.* at 236–37.) Petitioner appealed. (*Id.* at 281; ECF No. 10-4 at 1–13.)

Petitioner also filed a *pro se* motion to the trial court for post-conviction relief under Rule 3.850 on July 1, 2015. (ECF No. 10-3 at 143–61.) The trial court denied the motion with a written opinion on July 17, 2015. (*Id.* at 163-69.) Petitioner then filed a notice of appeal to the First DCA on July 21, 2015. (*Id.* at 225.) The First DCA *per curiam* affirmed without written opinion on October 9, 2015. (ECF No. 10-4 at 51.) The mandate followed on November 4, 2015. (*Id.* at 53.)[2]

Petitioner submitted this petition for a writ of habeas corpus to prison officials for mailing on July 28, 2015. (ECF No. 1.)

---

[2] It is unclear from the record provided whether the First DCA's decision is in regard to the Rule 3.850 motion or the Rule 3.800(a) motion. However, a review of the state-court docket in Petitioner's criminal case reveals that the First DCA's case number 1D15-3474 is associated with Petitioner's appeal of the trial court's denial of his Rule 3.850 motion, which is the same case number on this opinion and mandate.

## Section 2254 Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or unless the adjudication "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

With regard to factual findings, under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have

reached a different conclusion in the first instance.'" *Burt v. Titlow,* 134 S.

Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, "under § 2254(d)(1)'s 'contrary to' clause, we

grant relief only 'if the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court

decides a case differently than [the Supreme Court] has on a set of

materially indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d

1171, 1182 (11th Cir. 2014) (alterations in original) (quoting *Williams*, 529

U.S. at 413). "Under § 2254(d)(1)'s 'unreasonable application' clause, we

grant relief only 'if the state court identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case.'" *Jones*, 753 F.3d at 1182

(alteration in original) (quoting *Williams*, 529 U.S. at 413).

Additionally, "clearly established Federal law, as determined by the

Supreme Court of the United States," refers only to holdings (rather than

*dicta*) of the Supreme Court, but decisions of lower federal courts may be

considered to the extent that they demonstrate how those courts applied

Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th

Cir. 2003); *see also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702. In other words, Petitioner must establish that no fairminded jurist would have reached the Florida court's conclusion. *See Richter*, 562 U.S. at 102–03; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

## Ineffective Assistance of Counsel

Because some of Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's performance was below an objective and reasonable professional norm, and (2) he was prejudiced by this inadequacy. *Strickland*, 466 U.S. 668, 686–96 (1984).

The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's]

inquiry is limited to whether this strategy, that is, course A,
might have been a reasonable one.

*Id.*

To show prejudice, a defendant must show more than simply that
counsel's unreasonable conduct might have had "some conceivable effect
on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a
defendant must show a "reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been
different." *Id.* at 694. A "reasonable probability is defined as a probability
sufficient to undermine confidence in the outcome." *Id.*

### Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must
exhaust all state court remedies that are available for challenging his
conviction, either on direct appeal or in a state post-conviction motion. 28
U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state
courts a "full and fair opportunity" to resolve all federal constitutional claims
by "invoking one complete round of the State's established appellate
review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To
properly exhaust a federal claim, a petitioner must fairly present the claim
in each appropriate state court, thereby affording the state courts a

meaningful "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

## DISCUSSION

**Ground One: Petitioner's claim that Florida state courts lacked jurisdiction is a matter of state law only, so it does not provide a cognizable basis for federal habeas relief.**

Petitioner first contends that the state courts lacked jurisdiction to impose his conviction and sentence over appeal and his post-conviction motions according to Article III of the Constitution and the Fifth and Fourteenth Amendments. Additionally, Petitioner says that state-law principles governing *per curiam* judgments prohibit fact and merits-based analysis on constitutional claims and rid the courts of subject matter jurisdiction, thus voiding any dispositions from the state courts. Ultimately, Petitioner says that the "entry of per curiam judgement divested lower trial court of personam jurisdiction over post-trial applications." (ECF No. 1 at 5–10.)

In denying this claim in Petitioner's Rule 3.850 motion, the circuit court stated,

> Defendant alleges that the trial court lacked *in personam* jurisdiction over him because the First District Court of Appeal issued a *per curiam* decision on appeal from the probation revocation and sentence. "[A] per curiam affirmance without opinion is not an indication that the case was not considered on the merits." *Crittenden*, 67 So. 3d at 1185 n.1; *see also Elliott*, 648 So. 2d at 138–39. Accordingly, the claim raised is without merit.

(ECF No. 10-3 at 168.) The First DCA *per curiam* affirmed without written opinion. (ECF No. 10-4 at 51, 53.)

Because Petitioner's claim is that the state court lacked *in personam* jurisdiction over him (allegedly as a result of a *per curiam* affirmance issued by the First DCA), Petitioner's claim raises only a state law issue that does not provide a basis for federal habeas relief.

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 7654, 780 (1990)). This is because "a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). Federal habeas relief will only be granted for

state law errors if the alleged errors were so critical that they rendered the entire trial fundamentally unfair in violation of the right to due process. *Id.*; *Branan*, 861 F.2d at 1508.

A state court's jurisdiction over an individual is an issue of state law. *See Jones v. Sec'y, Fla. Dep't of Corr.*, No. 1:11-cv-00269-MP-GRJ, 2014 WL 505093, at *6 (N.D. Fla. Feb. 7, 2014) ("A state court's jurisdiction to convict and sentence a defendant are quintessential state law matters this Court cannot review in a federal collateral proceeding."); *see also Estrada v. Sec'y, Dep't of Corr.*, No. 8:12-CV-758-T-30EAJ, 2012 WL 1231990, at *1 (M.D. Fla. Apr. 12, 2012) ("A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review."). Moreover, the circuit court denying Petitioner's claim did so relying exclusively on state law. (*See* ECF No. 10-3 at 168.)

Therefore, Petitioner's claim that the state court lacked jurisdiction, regardless of his reason for thinking so, is not cognizable in a federal habeas corpus proceeding and thus fails to provide a basis for federal habeas corpus relief. *See Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

This is true despite the fact that Petitioner makes the conclusory allegation that the exercise of this jurisdiction violated Article III of the Constitution as well as the Fifth and Fourteenth Amendments. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."); *see also Carrizales v.* Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes.").

Moreover, Petitioner's claim that the state court did not have jurisdiction over him because the First DCA issued a *per curiam* affirmance lacks any merit. Petitioner says that the courts lost jurisdiction because the First DCA did not consider his claims on the merits when it issued a *per curiam* affirmance.

Contrary to Petitioner's assertion, the Eleventh Circuit has found that a *per curiam* affirmance does not mean that the court did not consider the claims on the merits. *See Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1353 (11th Cir. 2012) ("Indeed, a Florida district court of appeal recently 'reiterate[d] that a per curiam affirmance without opinion is not an indication that the case was not considered on the merits.' That position is consonant

with this Circuit's recent en banc decision in another Florida habeas case, which held that 'an "adjudication on the merits" is best defined as any state court decision that does not rest solely on a state procedural bar' and that deference is presumed 'unless the state court clearly states that its decision was based solely on a state procedural rule.'" (footnote omitted)).[3]

Additionally, Petitioner has failed to offer any meritorious basis for alleging that the state court lacked jurisdiction. The First DCA has jurisdiction over final orders of trial courts, such as the orders it considered in Petitioner's case. *See* Fla. R. App. P. 9.030(b) ("District courts of appeal shall review, by appeal . . . final orders of trial courts, not directly reviewable by the supreme court or a circuit court . . . ."). Therefore, the First DCA properly exercised its jurisdiction in Petitioner's case, so there is no reason that any court involved in Petitioner's case lacked jurisdiction over him.

Accordingly, Petitioner has failed to show that the state court's rejection of his claim was based on "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "that was based on an unreasonable determination of the facts." 28 U.S.C.

---

[3] In fact, the Eleventh Circuit, in reaching that conclusion, has cited to the same case that the state court cited to in denying Petitioner's claim in his Rule 3.850 motion.

§ 2254(d). Therefore, Petitioner is not entitled to federal habeas relief as to Ground One.

**Ground Two: Petitioner's appellate counsel was not ineffective for allegedly failing to conduct independent research into the record and failing to pursue Petitioner's argument made in Ground One.**

Petitioner next contends that his appellate counsel rendered ineffective assistance because counsel "declined to conduct an independent research of the record" and "completely abandoned all related facts as urged in Ground One." (ECF No. 1 at 12.)

Respondent interprets Petitioner's claim as "arguing that his appellate counsel was ineffective for failing to appeal based on the facts he presented in ground (1)." (ECF No. 10 at 16.) Based on this interpretation of his claim, Respondent asserts that this ground is unexhausted and procedurally defaulted. Further, Respondent argues that even if the claim were exhausted, it is without merit. (*Id.* at 15–22.)

Petitioner raised something similar to this claim in his habeas petition to the First DCA, in which he alleged ineffective assistance of appellate counsel. Petitioner argued that there was no "custodian of record" to verify certain facts on appeal, that the *per curiam* judgment violated the court's obligation to review the entire record for error, and that the *per curiam* judgment deprived him for due process and "represents a[n] insufficient

final, voided judgement." He also argued that his counsel violated his Sixth

Amendment obligation by failing to establish a factual record and failing to

move the appellate court to review the record. (ECF No. 10-3 at 125–27.)

Further, he stated,

> The nature of relief sought is for court to find former panel lacked in
> personam jurisdiction to enter a per curiam affirmance under state
> law. Because the per curiam standard has deprived Petitioner of the
> fundamental right to presumption of correctness review, which must
> render the per curiam adjudication null and void. An find appellate
> counsel by structural defect was ineffective.

(*Id.* at 124.) The First DCA denied Petitioner's habeas petition without

opinion. (*Id.* at 132.)

Given the difficulty in discerning precisely what Petitioner argued to

the First DCA in his state habeas petition alleging ineffective assistance of

appellate counsel, it is unclear what part of Petitioner's claim here, if any,

has been properly exhausted in state court. *See O'Sullivan v. Boerckel*,

526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief

to a state prisoner, the prisoner must first exhaust his remedies in state

court."); *see also McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir.

2005) ("[T]o ensure that state courts have the first opportunity to hear all

claims, federal courts have required a state prisoner to present the state

courts with the *same claims* he urges upon the federal courts." (emphasis

added)). However, it is not necessary to determine whether Petitioner has

properly exhausted all parts of his claim because, even assuming he did exhaust, he has failed to show that his appellate counsel was ineffective.

The First DCA denied Petitioner's relevant habeas petition raising the issue of ineffective assistance of appellate counsel on the merits, albeit without explanation for why it did so. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.[4] The Court, therefore, must give the state court's finding double deference so that the question for this Court becomes "not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

Here, a reasonable argument exists that Petitioner's appellate counsel satisfied *Strickland*'s deferential standard and, therefore, that the state court's rejection of Petitioner's argument and application of *Strickland*

---

[4] Notably, with regard to this claim, there was no lower court decision providing rationale for the state court's denial of the claim because Petitioner raised this claim for the first time in his petition to the First DCA, as Florida law allows for claims of ineffective assistance of *appellate* counsel. If a state court decision explaining such reasoning existed, this Court would be required to "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It [w]ould then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *see also id.* at 1195 (distinguishing *Wilson* from *Harrington* because in *Harrington* "there was no lower court opinion to look to").

was not objectively unreasonable. *See Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) ("Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland.*").

To prevail on a claim that appellate counsel was ineffective for failing to raise an issue—such as the one presented in Ground One—Petitioner must first show that appellate counsel was objectively unreasonable in not raising an omitted issue. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). The exercise of judgment involved in framing an appeal makes it "difficult to demonstrate that [appellate] counsel was incompetent" under *Strickland* for omitting a particular argument. *Smith*, 528 U.S. at 285-86 (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome")).

In assessing appellate counsel's performance, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." *Heath v. Jones*, 941F.2d 1126, 1130 (11th Cir. 1991). Rather, "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Id*. at 1131. When appellate counsel reviews the entire record, thinks about various claims, and then chooses to

pursue only certain issues on appeal, counsel has not rendered ineffective assistance. *Id*. Although a non-appealed issue might have been successful if raised, appellate advocacy must be "judged in its entirety." *Id*.

To determine prejudice in the context of appellate counsel's effectiveness, the Court must review the merits of the neglected claim or claims. *Heath*, 941 F.2d at 1132. Failure to raise a claim will not be found prejudicial unless the claim would have a reasonable probability of success on appeal. *Id*.

On appeal, Petitioner's appellate counsel raised the following issue: "The evidence was insufficient to prove a willful and substantial violation of probation for either allegation relied upon by the court to revoke probation." (ECF No. 10-2 at 272–86.) The brief on appeal included a review of the testimony and evidence relied upon at the revocation hearing as well as argument and relevant case law in an attempt to show there was insufficient evidence to prove a willful and substantial violation. (*Id.*) The First DCA *per curiam* affirmed. (*Id.* at 318, 320.)

Petitioner now contends that his appellate counsel was ineffective because he "declined to conduct an independent research of record; and completely abandoned all related facts as urged in Ground One." (ECF No. 1 at 12.) Petitioner has failed to offer any evidence as to how his counsel

failed to conduct research, and the brief his appellate counsel filed in the First DCA contradicts this assertion. Further, the facts in Ground One relate to the court's jurisdiction over Petitioner despite the issuance of a *per curiam* affirmance. (*Id.* at 5–11.)

Under the circumstances it was not unreasonable for appellate counsel not to raise this issue of jurisdiction after the issuance of a *per curiam* affirmance because appellate counsel need not raise every issue, particularly those that are frivolous. Because there is no legal basis for a claim that the state court lost jurisdiction over Petitioner's case after the issuance of a *per curiam* affirmance, Petitioner's appellate counsel's decision not to raise that claim cannot be considered prejudicial. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *see also Heath*, 941 F.2d at 1132 (noting that failure to raise a claim will only be prejudicial if it had a reasonable probability of success on appeal).

This is further supported by the fact that Petitioner raised a similar claim in his Rule 3.850 motion regarding the alleged ineffective assistance

of his trial counsel for failing to challenge the court's jurisdiction. In denying

this claim, the state court stated the following:

> Defendant alleges that trial counsel was ineffective for failing to challenge the trial court's *in personam* jurisdiction over Defendant. According to Defendant, the trial court did not have *in personam* jurisdiction over him because, on appeal from the probation revocation and sentence, the First District Court of Appeal issued a *per curiam* decision. Defendant contends that the *per curiam* opinion established that the underlying probation revocation and sentence were invalid and void.
>
> "[A] per curiam affirmance without opinion is not an indication that the case was not considered on the merits." *Crittenden v. State*, 67 So. 3d 1184, 1185 n.1 (Fla. 5th DCA 2011). "Each and every appeal receives the same degree of attention." *Id.* (citing *Elliott v. Elliott*, 648 So. 2d 137 (Fla. 4th DCA 1994) (containing detailed discussion of use of per curiam affirmances, including explanation that afirmance without opinion signifies no error and written opinion would serve no useful purpose, but is not indication that appellate court overlooked argument)). For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

(ECF No. 10-3 at 167–68.) If Petitioner's trial counsel was not ineffective

for failing to raise this claim, it follows that Petitioner's appellate counsel

was not ineffective for failing to raise the same claim.

Because Petitioner has failed to show that his appellate counsel's

performance was prejudicial and because there is a reasonable argument

that his appellate counsel satisfied the *Strickland* standard, the Court

concludes that the First DCA's denial on the merits of Petitioner's petition

alleging ineffective assistance of appellate counsel was not contrary to or

an unreasonable application of federal law that has been clearly

established by decisions of the Supreme Court, nor was it "based on an

unreasonable determination of the facts." *See* 28 U.S.C. § 2254(d). Thus,

Petitioner is not entitled to federal habeas relief on Ground Two.

**Ground Three: Petitioner's counsel at the revocation hearing was not ineffective for allegedly failing to prove that Petitioner did not violate his probation.**

In his third claim, Petitioner contends that his counsel at the

revocation of probation hearing was ineffective, in violation of the Sixth and

Fourteenth Amendments. Specifically, Petitioner alleges that counsel

"abandoned his duty to construct an appropriate record to establish

[Petitioner] did not commit a substantial and willful violation of probation."

(ECF No. 1 at 13.)

Petitioner raised his claims of ineffective assistance of counsel

regarding the revocation of his probation in his Rule 3.850 motion. There,

he specifically claimed that his counsel was ineffective for failing to call the

records custodian from the Lake County Sheriff's office as a witness, failing

to call his former probation officer, failing to call the records custodian from

the Florida Highway Patrol, and failing to challenge consecutive sentences

based on the prohibition against double jeopardy. (ECF No. 10-3 at

148–49.)[5]

In denying this claims on post-conviction review, the circuit court

stated the following:

> 3. As to Ground 1(a), Defendant alleges that trial counsel
> was ineffective for failing to call the records custodian from the
> Lake County Sheriff's Office as a defense witness at the
> probation revocation hearing. According to Defendant, the Lake
> County Sheriff's Office's records custodian would have
> "validate[d] his arrest and possible engagement in criminal
> activities with others. . . ." The trooper who arrested Defendant
> testified at the revocation hearing as to the basis for
> Defendant's arrest; and, to the fact that Defendant was in a car
> where cannabis was being used. Thus, there would have been
> no reason for counsel to have called the Lake County Sheriff's
> Office's records custodian as a witness. In addition, there
> would have been no benefit to calling this person as a witness.
> For these reasons, Defendant fails to show either error by
> counsel or prejudice. Accordingly the claim raised is without
> merit.
> 4. As to Ground 1(b), Defendant alleges that trial counsel
> was ineffective for failing to call his former probation officer as a
> defense witness . . . at the probation revocation hearing.
> According to Defendant, he had a right to confront his former
> probation officer's allegations in the violation of probation
> affidavit. The record reflects that Defendant's current probation
> officer was called as a State witness at the hearing. She
> testified that she violated Defendant based on his failure to
> meet his financial obligations. The other alleged violation[s] of
> probation were done by his former probation officer. Those
> alleged violations were that Defendant left the county without
> permission; committed a new criminal offense; and, associated

---

[5] Petitioner also raised the claim that his counsel was ineffective for failing to challenge the court's *in personam* jurisdiction over him, which is discussed in Ground Two.

with persons engaged in criminal activity. Defendant's current probation officer testified that there was no record of Defendant asking for permission to, or receiving permission to, leave the county. And, the trooper who arrested Defendant provided testimony that Defendant was arrested out of county for a new substantive offense with persons engaged in criminal activity. Thus, the allegations contained in the affidavit written by Defendant's former probation officer were supported by the evidence introduced during his revocation hearing. For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

     5. As to Ground 1(c), Defendant alleges that trial counsel was ineffective for failing to call the records custodian from the Florida Highway Patrol as a defense witness at the probation revocation hearing. The record reflects that Defendant was a passenger in a vehicle that was stopped for speeding by Trooper Mihm. It is irrelevant as to whether or not a traffic citation was issued based on the stop because that was not the basis for Defendant's violation. Furthermore, Trooper Mihm provided a lawful basis for the stop: the vehicle was speeding. For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

     6. As to Ground 1(d), Defendant alleges that trial counsel was ineffective for failing to challenge the trial court's imposition of consecutive sentences based on the prohibition against double jeopardy. "[W]hen a defendant is sentenced to a term of incarceration, none of which is suspended, to be followed by a period of probation (a probationary split sentence), upon violation of that probation, the defendant may be resentenced to any term up to the maximum which could have been originally imposed. Thus, after revoking his probation, the court could sentence Defendant consecutively in his two cases. Because the sentence which was imposed is legal, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

(ECF No. 10-3 at 164–67) (internal citation omitted) (alterations in original).

The First DCA *per curiam* affirmed without written opinion. (ECF No. 10-4

at 51, 53.)

To grant habeas relief, the Court must find that the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court, or that the decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Here, where the First DCA *per curiam* affirmed without written opinion the circuit court's denial of Petitioner's claims, this Court must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Upon doing so, it is clear that the state court decisions were not contrary to or involving an unreasonable application of clearly established federal law, nor did they involve an unreasonable determination of the facts. As discussed above, to prevail on a claim of ineffectiveness of counsel, Petitioner must show (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that Petitioner was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The Court may dispose of the claim if Petitioner fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697.

In each of Petitioner's claims regarding ineffective assistance of counsel at his revocation of probation hearing, the state court properly applied *Strickland* and found that Petitioner failed to show both error by counsel and prejudice. Nothing Petitioner has presented demonstrates that the state court's rejection of this ineffective assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt,* 134 S. Ct. at 12 (quoting *Harrington*, 131 S. Ct. at 787). The Court therefore concludes that Petitioner is not entitled to federal habeas relief on Ground Three.

**Ground Four: Petitioner's consecutive sentence imposed at the revocation hearing did not violate the Double Jeopardy clause of the Constitution.**

Lastly, Petitioner argues that the consecutive sentences imposed for his violation of probation violated the Double Jeopardy clause and the Fifth and Fourteenth Amendments. He further states that the state courts have not shown "any factual basis for breach of plea contract upon imposing consecutive terms once concurrent sentence had begun and expired." (ECF No. 1 at 15.)

In rejecting this claim on post-conviction review, the state circuit court found the following:

As to Ground 3, Defendant alleges that the post-revocation consecutive sentences are illegal because his original probationary terms were ordered to run concurrently. "[W]hen a defendant is sentenced to a term of incarceration, none of which is suspended, to be followed by a period of probation (a probationary split sentence), upon violation of that probation, the defendant may be resentenced to any term up to the maximum which could have been originally imposed." *McCaskill v. State*, 728 So. 2d 1183, 1184 (Fla. 5th DCA 1999) (citing *Poore v. State*, 531 So. 2d 161, 165 (Fla. 1988) ("a 'probationary split sentence' consist[s] of a period of confinement, none of which is suspended, followed by a period of probation"). Thus, after revoking his probation, the court could sentence Defendant consecutively in his two cases. *Id.*; *see also Coney v. State*, 941 So. 2d 592, 593 (Fla. 4th DCA 2006) (holding that because the defendant was originally sentenced to probationary split sentences, his consecutive sentence were proper under *McCaskill* and did not violate the prohibition against double jeopardy."). Accordingly, the claim raised is without merit.

(ECF No. 10-3 at 168.) The First DCA *per curiam* affirmed without written opinion. (ECF No. 10-4 at 51, 53.)

Petitioner has not provided any basis to permit this Court to grant habeas relief. As the circuit court pointed out and as the First DCA affirmed, Florida law permits the imposition of consecutive sentences upon the revocation of probation. Because Petitioner has not shown that his sentence was in any way improper or unlawful, Petitioner cannot claim without support that the imposition of consecutive sentences was unconstitutional.

Accordingly, Petitioner has not shown that the state courts' rulings were "contrary to" or involving "an unreasonable application of, clearly established Federal law" or that they were "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to federal habeas relief as to Ground Four.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for Writ of Habeas Corpus, ECF No. 1, should be **DENIED**, and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 7th day of May 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**